## TEXAS COMPENSATION INS. CO. v. ZACHRY.

### No. 2246.

Court of Civil Appeals of Texas. Waco.

Oct. 3, 1940.

Rehearing Denied Oct. 24, 1940.

John H. Bickett, Jr., and C. M. Means, both of Dallas, and Sam H. Allred, of Hillsboro, for appellant.

Scott & Wilson and W. M. Zachry, all of Waco, for appellee.

ALEXANDER, Justice.

This is a workman's compensation case. The employee alleged that while he was digging with a pick, his right arm jerked and snapped, and, as a result, the median epicondyle of the right humerus was disunited from the rest of the bone. In other words, a portion of the bone of the upper arm at the elbow to which the muscles of the lower arm were attached was torn loose. He alleged that it was necessary to have an operation on the arm to replace the fractured portion of the bone; that as a result of the operation the nerves of the arm became and are now impinged, his entire nervous system is shocked and impaired, he has continued to lose weight and is now suffering from a low grade infection, all of which causes such pain throughout his body as to render him wholly incapable of work. A trial before a jury resulted in judgment for total and permanent disability. The insurance company has appealed.

There was some evidence tending to show that the employee had suffered a somewhat similar injury on a former occasion. Appellant's first proposition raises the contention that the trial court erred in not submitting to the jury an issue as to the effect of the former injury upon his present condition. The record discloses that no such issue was requested by the appellant, and, for that reason, no error is presented on account of the failure to submit such an issue.

The jury, in answer to issues Nos. 1 to 11, found that the employee received an injury while in the course of his employment which resulted in his incapacity to work and that such incapacity was not partial but was total and permanent. Special Issues Nos. 14 to 17, inclusive, as submitted to the jury, and their answers thereto, were as follows:

"Special Issue No. 14: Do you find from a preponderance of the evidence, if any, that the injury, if any, sustained by plaintiff, W. B. Zachry, on December 2nd, 1937, was not confined solely to his right arm?

"Answer 'It was not confined solely to his right arm,' or 'It was confined solely to his right arm.' "

To which the jury answered: "It was not confined solely to his right arm."

"If you have answered the foregoing issue that 'It was confined solely to his right arm,' and in that event only you will answer the following issue, otherwise you need not answer same."

"Special Issue No. 15: Do you find from a preponderance of the evidence, if any, that the injury, if any, to plaintiff's right arm, affected parts of his body other than his said arm? Answer 'Yes' or 'No.'"

To which the jury did not answer.

"If you have answered Special Issue No. 15 'Yes' and in that event only you will answer Special Issue No. 16, otherwise you need not answer the same."

"Special Issue No. 16: Do you find from a preponderance of the evidence, if any, that said injury, if any, to plaintiff's right arm, together with effects, if any, of said injury, if any, on parts of his body other than his right arm, have caused plaintiff to suffer total incapacity to labor? Answer 'Yes' or 'No.'"

To which the jury answered "Yes."

"Special Issue No. 17: Do you find from a preponderance of the evidence, if any, that said total incapacity to work, if any, caused by the injury to plaintiff's right arm, together with effects, if any, of said injury on parts of his body other than his right arm, is permanent? Anwer 'Yes' or 'No.'"

To which the jury answered "Yes."

Appellant contends that since the jury, in keeping with the court's charge, did not answer issue No. 15, that is as to whether the injury to the employee's arm affected other portions of his body, the verdict was insufficient to support the judgment of total disability. Of course, if the injury was confined solely to the employee's arm and did not affect other portions of his body, he could not recover for total disability, even though it resulted in the total loss of the use of his arm. However, we believe that even though the jury did not answer issue No. 15, there were sufficient findings to show total disability within the statute. The jury, in answer to issue No. 5, found that the injury sustained by the employee on the occasion in question "caused total incapacity to work, as that term has been herein defined, on the part of W. B. Zachry." In answer to issue No. 14, the jury found that the injury was not confined solely to his right arm. If this last finding was correct, then the injury must necessarily have affected other portions of his body. In other words, if the injury was not confined solely to his right arm, it must have affected other parts of his body, and the failure of the jury to answer issue No. 15, as to whether it affected other parts of his body, became immaterial. There was ample evidence to support the jury's finding that the injury was not confined solely to the arm. The appellant did not object to the form of the submission of the issues, nor did it object to the court receiving the verdict without an answer to issue No. 15. Under the circumstances, we think there was a sufficient submission of the controlling issues in this case.

We have considered all other assignments and find no reversible error.

The judgment of the trial court is affirmed.